Ivy Kizler
21490 Vine Street
Wildomer, CA 92595
951-674-2489
PRO SE

IN THE UNITED STATE DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVY KIZLER<br>　　　　　Plaintiff,<br>　　v.<br><br>LIBERTY REVERSE MORTGAGE,<br>FINANCIAL FREEDOM FUNDING<br>CORPORATION, JIM MAHONEY, CEO<br>OF FINANCIAL FREEDOM FUNDING<br>CORPORATION, LUISA NDRA,<br>HOUSING AND URBAN DEVELOPMENT,<br>SHAUN DONOVAN, SECRETARY OF<br>HOUSING AND URBAN DEVELOPMENT,<br>DAVID A. DAHMAN DBA PACIFIC<br>CONSULTANT ENGINEERS, JOE<br>TRAPINI DBA CUSTOM HOME<br>SERVICE, TRUSTEE CORPS, and<br>DOES 1 - 10,<br>　　　　　Defendants. | CIVIL CASE NO.5:14-00491-PA-DTB<br><br>**MOTION FOR RECONSIDERATION**<br><br>October 27, 2014<br>1:30 pm<br>Courtroom No. 15 |

Comes now, Ivy Kizler, plaintiff hereby moving this Court pursuant to Rule 60(b) to reconsider its order dated August 25, 2014, dismissing the instant action and sets forth the following in support thereof:

STATEMENT OF FACTS

1. On or about March 13, 2014, Plaintiff a resident of Riverside County filed her complaint in The U.S. District Court located in Riverside.

2. Venue was changed without notice or hearing.

3. Travel time to this Court is one and a half to two hours each way for Plaintiff.

4. On or about March 13, 2014, Plaintiff had filed a request for authorization to record a Lis Pendens on title to Plaintiff's property giving notice of the cloud on title.

5. On or about April 22, 2014, Plaintiff filed a motion for appointment of counsel.

6. Plaintiff has been diligent in seeking affordable representation and was unable to retain counsel.

7. On or about July 7, 2014, James Blake, Plaintiff's Son-in-law called Daniel Bensing, attorney for HUD with regards to the Joint Status Report. Bensing would not discuss the issues with Blake and asked for the Plaintiff's attorney. Blake explained Plaintiff had moved for appointment of counsel and at present he was authorized to speak on behalf of his Mother-in-law. Bensing declined.

8. On or about JULY 11, 2014, Bensing sent an email to James Blake informing him of HUD's intent to postpone the July 14 joint report filing and the July 28 Scheduling Conference and attached copy of this court's denial of appointment of counsel for Plaintiff.

9. On or about August 21, 2014, Paul LNU, your Honors clerk, called Plaintiff and left message on her answering machine

2

stating she did not need to appear on Monday for the Status Conference hearing.

10. In an effort to expedite the prosecution of the instant complaint erstwhile plaintiff, Ivy Kizler, Quit Claim Deed her Property to Plaintiff and assigned her chose in action to Plaintiff.

11. All parties claiming interest to Plaintiff's property have entered appearance and this issue is ripe for mediation.

12. Plaintiff being unable to effectively represent herself assigned all her rights and interest to Raoul Clymer a friend of the family.

13. Mr. Clymer spoke with Attorney for HUD, Daniel Bensing, subsequent to the filing of Notice of Substitution and based upon said conversation Mr. Clymer feels that a settlement can be negotiated without protracted litigation due to newly discovered evidence.

14. It has recently been discovered that the foreclosing parties are NOT the Note holder and hold no interest in title to Plaintiff's property.

RECORD ON TITLE TO PLAINTIFF'S PROPERTY

1. On or about August 18, 2005, a Deed of Trust was recorded as security for a Promissory Note with a face value of

$345,000.00 on title to Plaintiff's property. Said document verifies the Trustee as SENIOR OFFICIAL WITH RESPONSIBILITY FOR SINGLE FAMILY MORTGAGE INSURANCE PROGRAMS IN THE DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT FIELD OFFICE WITH JURISDICTION OVER THE PROPERTY DESCRIBED BELOW, OR DESIGNEE OF THAT OFFICIAL; Beneficiary/"Lender" as ***Secretary of Housing and Urban Development;*** with Plaintiff's husband as Borrower. [Emphasis added].

2. Therein said Deed of Trust in ***Section 9. Grounds for Acceleration of Debt. (a) Due and payable. Lender may require immediate payment in full of all sums secured by this Security Instrument if: (i) A Borrower dies and the Property is not the principal residence of at least one surviving Borrower:***

3. On or about August 18, 2005, a Deed of Trust was recorded as security for a Promissory Note with a face value of $345,000.00 on title to Plaintiff's property. Said document verifies the Trustee as Alliance Title Company; Beneficiary/"Lender" as ***FINANCIAL FREEDOM SENIOR FUNDING CORPORATION, a Subsidiary of IndyMac Bank FSB;*** with Plaintiff's husband as Borrower. [Emphasis added].

4. Therein said Deed of Trust in ***Section 9. Grounds for Acceleration of Debt. (a) Due and payable. Lender may require immediate payment in full of all sums secured by***

*this Security Instrument if: (i) A Borrower dies and the Property is not the principal residence of at least one surviving Borrower:*

5. On **July 11, 2008,** IndyMac Bank, F.S.B., Pasadena, CA was closed by the Office of Thrift Supervision (OTS) and the FDIC was named Conservator. All non-brokered insured deposit accounts and substantially **all of the assets of IndyMac Bank, F.S.B. have been transferred to IndyMac Federal Bank, F.S.B. (IndyMac Federal Bank),** Pasadena, CA "assuming institution") a newly chartered full-service FDIC insured institution. [Emphasis added.]

   https://www.fdic.gov/bank/individual/failed/IndyMac.html

6. On **March 19, 2009,** the Federal Deposit Insurance Corporation (FDIC) completed the sale of **IndyMac Federal Bank, FSB, Pasadena, California, to OneWest Bank, F.S.B.,** Pasadena, California. OneWest Bank, FSB is a newly formed federal savings bank organized by IMB HoldCo LLC. All deposits of IndyMac Federal Bank, FSB have been transferred to OneWest Bank, FSB. [Emphasis added.]https://www.fdic.gov/bank/individual/failed/IndyMac.html

7. On or about December 23, 2009, a Corporate Assignment Deed of trust was recorded which "does convey, grant, sell,

5

assign, transfer and set over the described Deed of Trust together with certain note(s) described therein, without recourse…to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. [MERS], A DELAWARE CORPORATION, ITS SUCCESSORS OR ASSIGNS, AS NOMINEE FOR FINANCIAL FREEDOM ACQUISITION LLC…"

8. On or about October 28, 2013, an Assignment of Deed of Trust was recorded on title to Plaintiff's property which "…grants, assigns, and transfers to OneWest Bank, FSB all beneficial interest under that certain Deed of Trust dated as of August 8, 2005…". Said Assignment was made by ***MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS) A DELAWARE CORPORATION AS NOMINEE FOR FINANCIAL FREEDOM ACQUISITION LLC ITS SUCCESSORS OR ASSIGNS***; signed by Rex L. Lamb, Assistant Secretary[1].

9. On or about October 28, 2013, a Substitution of Trustee of was recorded on title to Plaintiff's property wherein OneWest Bank, FSB, appoints MTC Financial Inc. dba Trustee Corps as Trustee. Said Substitution was signed by, Jammel Turki, Assistant Secretary for OneWest Bank, FSB.

10. On or about October 30, 2013, Trustee Corps record a NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST based upon "…the obligations set forth in a Promissory Note

---

[1] There is sworn testimony in deposition by CEO R.K. Arnold of MERS that there has never been an "Assistant Secretary" working for MERS.

6

with a face amount of $345,000.00..." Said notice fails to provide the name, address and contact information of the Lender.

11.  The chain of title to Plaintiff's property is void of all necessary Assignments.

## NEWLY DISCOVERED CAUSES OF ACTIONS

I.  Foreclosing party does not have standing to foreclose.
II.  Fannie Mae inadvertently committed securities fraud by securitizing a Promissory Note issued for $145000.00 claiming a face value of $345,000.00 to be used as collateral in a FASIT[2].
III.  Financial Freedom Senior Funding Corporation committed Securities fraud by recording a security interest for $345,000.00 Deed of Trust on Plaintiff's title to property and transferring a $345000.00 Promissory Note to Fannie Mae when the Note's value was $145000.00.
IV.  HUD committed Securities fraud by recording a security interest for $345,000.00 Deed of Trust on Plaintiff's title to property and securitizing a Promissory Note for $345000.00 when the Note was for $145000.00.

---

[2] Financial Asset Securitization Investment Trust [FASIT]: A FASIT is an investment trust that holds home equity loans much like a REMIC Trust holds mortgage loans. In both instances the assets are securitized as collateral for issuance of interest bearing certificates and bonds.

7

V. Defendants, et al., conspired to commit securities fraud.

VI. MERS claims that Fannie Mae is the "investor".

VII. Fannie Mae claims that they do not own the note.

VIII. None of the parties claiming interest in Plaintiff's property is the holder in due course of the note.

WHEREFORE, it is respectfully requested that this Honorable court reinstate the instant complaint, grant the request for substitution and schedule a mandatory mediation conference with all interested parties.

Date: September 23, 2014

                      Respectfully submitted,

                      */s/ Ivy Kizler*

                      Ivy Kizler

Ivy Kizler
21490 Vine Street
Wildomer, CA 92595
951-674-2489
PRO SE

IN THE UNITED STATE DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVY KIZLER<br>      Plaintiff,<br>   v.<br><br>LIBERTY REVERSE MORTGAGE,<br>FINANCIAL FREEDOM FUNDING<br>CORPORATION, JIM MAHONEY, CEO<br>OF FINANCIAL FREEDOM FUNDING<br>CORPORATION, LUISA NDRA,<br>HOUSING AND URBAN DEVELOPMENT,<br>SHAUN DONOVAN, SECRETARY OF<br>HOUSING AND URBAN DEVELOPMENT,<br>DAVID A. DAHMAN DBA PACIFIC<br>CONSULTANT ENGINEERS, JOE<br>TRAPINI DBA CUSTOM HOME<br>SERVICE, TRUSTEE CORPS, and<br>DOES 1 – 10,<br>      Defendants. | CIVIL CASE NO.5:14-00491-PA-DTB<br><br><br><br><br><br>**MOTION FOR RECONSIDERATION**<br>**WITH MEMORANDUM OF POINTS**<br>**AND AUTHORITY IN SUPPORT** |

I. ARGUMENT

Federal Rule of Civil Procedure 60(b) "provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *School Dist. No. 1J, Multnomah County v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993) (quoting *Fuller v. M.G. Jewelry,* 950

9

F.2d 1437, 1442 (9th Cir. 1991)).

This Court witnessed Plaintiff's inability/incompetence to prosecute this instant action during the hearing for a Temporary Restraining Order [TRO]: And yet this Honorable Court found that Plaintiff was (1) likely to succeed on the merits; (2) likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his/her favor; and (4) that an injunction is in the public interest[3]; then issued the TRO based upon the facts and "extraordinary circumstances" of this case.

Although Plaintiff herself was unable to participate in the mandated scheduling process based upon her inability/incompetence she had a family member attempt participation. This attempt at participation was unacceptable to the Defendants. Plaintiff was diligent in attempting to comply with this Court's order. Furthermore, Plaintiff was informed that she was not required to attend the rescheduled hearing by your Honor's Clerk.

Plaintiff then in attempt to expedite prosecution assigned her chose in action to a Friend of the family. Plaintiff also filed a Status Report informing the Court that all but one of the named Defendants had been served; along with Plaintiff's Motion for Substitution. These Motions were filed in a good faith

---

[3] Standard criteria for issuing a TRO.

attempt to expedite resolution of the instant action. 'Where the drastic sanctions of dismissal or default are imposed, however, the range of discretion is narrowed and the losing party's non-compliance must be due to willfulness, fault, or bad faith.'" *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 946 (9th Cir. 1993) (quoting *Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334, 1337 (9th Cir. 1985)). Surely this Honorable Court did not intend to infer Plaintiff was acting in "bad faith" and she was "willfully" avoiding this Court's order.

A district court has inherent discretionary power to revisit previously issued orders and to reopen any part of a case still pending before the court. *See Marconi Wireless Tel. Co. v. United States*, 320 U.S. 1, 47-48 (1943); *Natural Resources Defense Council v. Evans*, 243 F. Supp. 2d 1046, 1048 (N.D. Cal. 2003); *Kapco Mfg. Co. v. C & O Enterprises, Inc.*, 773 F.2d 151, 154 (7th Cir.1985).

## II. NEWLY DISCOVERED EVIDENCE

There is an impending foreclosure sale scheduled for the first week of October. A Title audit and investigation has revealed that (1) there is a void in the chain of title inasmuch as there are assignments missing, and (2) none of the named defendants are the Note holder.

Indeed, even if there was a proper chain of assignment to

MERS as Nominee for Financial Freedom Acquisition LLC which there is not, the MERS Corporate Assignment to OneWest Bank FSB only assigns "beneficial interests under that certain Deed of Trust" and NO mention of the note: And for good cause. The MERS website claims that Fannie Mae is the "investor." Fannie Mae website states it does not own this loan. Research reveals that the collapse of Fannie Mae has been attributed to their Reverse Mortgage investments utilized as assets in many Financial Asset Securities Investment Trusts [FASIT] and it is little wonder: Fannie Mae was the victim of securities fraud perpetrated by the Defendants, Financial Freedom Senior Funding Corporation [its successors and assigns], and the Housing and Urban Development as documented evidence in this case substantiates.

It would be a manifest injustice to allow entities purporting to be the note holder to foreclose when their own terms in the Deeds of Trust do not allow for the acceleration of the note. " '[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.' " *Pyramid Lake Paiute Tribe v. Hodel*, 882 F.2d 364, 369 n. 5 (9th Cir.1989) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4478) (alteration in original). *Campbell v.*

*Blodgett*, 995 F.2d 230 (C.A.9 (Wash.), 1993) Mrs. Ivy Kizler cannot be divested of her home without absolute proof of the foreclosing parties authority to foreclose.

CONCLUSION

In the interests of expediting this case it is respectfully requested that this Honorable Court reconsider its Order dated August 25, 2014, and reinstate the instant complaint. Therewith grant the substitution of Plaintiff and schedule a mediation hearing for the parties and order the postponement of the foreclosure sale.

DATE: September 24, 2014

                                    Respectfully submitted,

                                    */s/ Ivy Kizler*

                                    Ivy Kizler